*Formatted for Electronic Distribution*                                                    *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**

    **Marilyn Munzberg**                      **Chapter 13 Case**
    **and Walter C. Munzberg,**          **# 07-10560**
             **Debtors.**

_____

*Filed & Entered*
*On Docket*
*June 03, 2008*

| | | |
|---|---|---|
| *Appearances:* | *Rebecca Rice, Esq.* | *Martin A. Mooney, Esq.* |
| | *Rice & Cohen* | *Deily, Mooney & Glastetter, LLP* |
| | *Rutland, VT* | *Albany, NY* |
| | *For the Debtors* | *For the Creditor* |

## ORDER
### SUSTAINING , IN PART, CREDITOR'S OBJECTION TO PLAN CONFIRMATION, DIRECTING CREDITOR TO FILE AMENDED PROOF OF CLAIM, AND DIRECTING DEBTORS TO FILE A MOTION TO MODIFY AMENDED PLAN

For the reasons set forth in the Memorandum of Decision of even date, THE COURT FINDS that

A.     for purposes of construing 11 U.S.C. § 1325(a)(*) ("the hanging paragraph"), the Vermont Uniform Commercial Code's definition of purchase money security interest ("PMSI") controls;

B.     the negative equity the Debtors rolled into the financing transaction and the gap insurance that the Debtors bought at the time they purchased the PT Cruiser are neither expenses incurred in connection with the Debtors' acquisition of rights in the PT Cruiser, nor do they have the requisite close nexus to the Debtors' acquisition of this vehicle to constitute purchase-money obligations, and thus they are not secured by a PMSI;

C.     applying the dual-status approach, the portion of the claim held by DaimlerChrysler Financial Services Americas LLC (the "Creditor") that is allocable to the purchase of the PT Cruiser, as well as fees and purchase of the service contract, are secured by a PMSI and thus are protected from bifurcation and cramdown under the hanging paragraph; and

D.     all pre-petition payments the Debtors made to the Creditor shall be applied pro rata as between the purchase-money obligation and the non-purchase money obligation.

Based upon these findings, IT IS HEREBY ORDERED that

1.     the Creditor's objection to plan confirmation is sustained to the extent that a portion of its claim is deemed secured by a PMSI, is protected from bifurcation and cramdown under the hanging paragraph, and must be treated accordingly in this chapter 13 case;

2.     the Creditor's objection is overruled in all other respects;

3.     **by June 13, 2008,** the Creditor shall file an amended proof of claim that (i) includes an accounting to show the pro rata allocation of the Debtors' pre-petition payments and (ii) segregates the Creditor's claim into two components: one, in the amount of $18,947.70, that is secured by a PMSI and is not subject to bifurcation and cramdown; and one, in the amount of $6,737.11, that is secured by a non-PMSI and is subject to bifurcation and cramdown under §§ 506 and 1325(a)(5);

4.  **by June 20, 2008**, the Debtors shall file a motion to modify plan and a modified Amended Plan that treats the Creditor's claim as set forth in the accompanying memorandum of decision, specifically delineating the treatment of two components of the Creditor's claim: the portion of the Creditor's claim that is secured by a PMSI and the portion of the Creditor's claim that is secured by a non-PMSI; and

5.  **by June 20, 2008**, the Debtors shall also file an objection to the Creditor's claim if they dispute the allocation of the claim or payments set forth in the Creditor's amended proof of claim.[1]

**SO ORDERED.**


June 3, 2008                                            Colleen A. Brown
Rutland, Vermont                                        United States Bankruptcy Judge

---

[1] The Debtors may file both the motion to modify and the objection to claim, if any, using the default procedure.